**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Christopher J. Balala, Esq. (Attorney ID 030732010)
*Counsel to the Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* <br><br> MARLON J. WILDING, <br><br>     DEBTOR. <br> ------------------------------------------------- <br> SEAN AND LAURIE HALAW, <br><br>     PLAINTIFF, <br> Vs. <br><br> MARLON J. WILDING, <br><br>     DEFENDANT. | Case No. 17-35624 <br><br> Chapter 7 <br><br> Judge: Hon. Rosemary Gambardella, U.S.B.J. <br><br> Adv. Pro. No. |

**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND OBJECT TO DEBTOR'S DISCHARGE**

Plaintiffs Sean and Laurie Halaw, (the "Plaintiffs"), by the undersigned counsel, files this adversary proceeding against the Defendant, Marlon J. Wilding (the "Debtor" and/or "Defendant"), to determine the dischargeability of a debt and objects to Debtor's discharge. In support of this complaint, the Plaintiffs state as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to under 28 U.S.C. § 157 and 28 U.S.C. §§ 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Venue is properly laid in this jurisdiction in accordance with 28 U.S.C. § 1408 and §1409.

4. This is an adversary proceeding brought under 11 U.S.C. §727(c), (d), and Federal Rule of Bankruptcy Procedure 7001(4).

## FACTUAL ALLEGATIONS

5. On December 22, 2017, the Defendant filed a bankruptcy petition seeking relief under chapter 7 of title 11 of the United States Code commencing the instant bankruptcy case bearing case number 17-35624.

6. Plaintiffs are creditors of the Defendant by virtue of an assault.

7. The gravamen of the action by the Plaintiffs is for pecuniary losses and damages occasioned by the Defendant's willful and malicious injury stemming from a bar fight that occurred on or around July 25, 2004.

8. Defendant pled guilty as charged to aggravated assault – attempt to cause bodily injury with a deadly weapon.

9. Defendant was represented by counsel during his guilty plea.

10. Defendant was sentenced for his crime on June 21, 2006.

11. Defendants assault left Plaintiff-Sean Halaw permanently disabled.

12. Defendant's bankruptcy petition was filed on December 22, 2017 (the "Petition").

13. Defendant's Petition was signed under oath, yet contains material inaccuracies including

overstated expenses, understated income, and fails to disclose assets of the bankruptcy estate.

14. Defendant failed to disclose all of his bank accounts on the Petition.
15. Defendant understated the bank account balance on the one account that was disclosed on his Petition.
16. Defendant took an income deduction for a Vacation Fund on Schedule J of his Petition but labeled it as an "Annuity" deduction.
17. Defendant's Vacation Fund is essentially a savings account wherein the Defendant can freely spend the money contained within, without restriction.
18. Defendant has failed to provide proof that his Annuity is exempt and the current balance of the account.
19. Defendant made large purchases prior to filing the Petition for airline tickets to Las Vegas and a brand-new computer.
20. Defendant made large purchases immediately following the filing of the Petition including for Michael Kors handbags and expensive video games.
21. Defendant failed to include the required "B22 Form – Means Test" with his Petition filing.
22. Defendant withdrew $12,405.94 from his Annuity on October 25, 2017, less than two (2) months prior to the filing of his bankruptcy Petition.
23. Defendant listed $900/year in expenses for home maintenance on a property that he rents and has failed to provide proof.
24. In response to a Rule 2004 Examination subpoena, Defendant failed to provide sufficient documentation to evidence his renter's insurance, vehicle insurance, utility bills, and medical and dental expenses.

25. Defendant failed to include all of his liabilities in his Petition, namely medical debt that was owed pre-petition.

26. Defendant overstated his vehicle expense on Schedule J of his Petition to reduce his disposable monthly income.

27. Defendant has sufficient income to fund a Chapter 13 Plan of reorganization.

28. Defendant failed to disclose income derived from his annuity and unemployment on the Statement of Financial Affairs.

29. Defendant failed to properly disclose his codebtors on Schedule H, namely his codefendant in the criminal case wherein the debt to the Plaintiffs was incurred.

30. Defendant's codebtor, Kevin Maher, filed Chapter 7 bankruptcy bearing the case number 11-12660 before the Honorable Rosemary Gambardella.

31. Plaintiffs filed an adversary proceeding in Kevin Maher's case, bearing case number 11-01687, and the debt owed to the Plaintiffs was declared nondischargeable.

32. Defendant stated he could not remember the type of "deadly weapon" he was charged with but admitted that it was alleged that it was a pool cue, pool ball, beer bottle, barstool.

33. Defendant pled guilty as charged to the crime.

34. Defendant was intoxicated at the time the debt to the Plaintiffs was incurred.

35. Defendant failed to list the debt owed to the Plaintiffs as "Claims for death or personal injury while you were intoxicated" as enumerated in the filed Petition.

36. Plaintiffs are the holders of a judgment against Defendant.

## COUNT I

### Objection to Discharge under 11 U.S.C. § 727(a)(3)

37. Plaintiffs repeat and reallege paragraphs 1 through 36 of the Amended Complaint as if fully set forth herein.

38. Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, record, and papers, from which his financial condition or business transactions might be ascertained.

39. As a result of Defendant's acts, Plaintiffs are unable to ascertain Defendant's financial condition in order to collect upon their judgment and have suffered damages.

40. Plaintiffs object to Debtor's discharge under 11 U.S.C. § 727(a)(3).

    **WHEREFORE**, Plaintiffs demand judgment against Defendant as follows (i) that Defendant be denied discharge pursuant to 11 U.S.C. § 727(a)(3); (ii) granting Plaintiffs' attorneys' fees, expenses, accruing interest on the judgment since the date of judgment and costs of suit; and (iii) granting Plaintiffs such other and further relief as the Court deems just and equitable.

## COUNT II

### Objection to Discharge under 11 U.S.C. § 727(a)(4)

41. Plaintiff repeat and reallege paragraphs 1 through 40 of the Amended Complaint as if fully set forth herein.

42. Defendant knowingly and fraudulently, in connection with his bankruptcy case, made a false oath or account; or presented or used a false claim.

43. As a result of Defendant's acts, Plaintiffs are unable to ascertain Defendant's financial

condition in order to collect upon their judgment and have suffered damages.

44. Plaintiffs object to Debtor's discharge under 11 U.S.C. § 727(a)(4).

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows (i) that Defendant be denied discharge pursuant to 11 U.S.C. § 727(a)(4); (ii) granting Plaintiffs' attorneys' fees, expenses, accruing interest on the judgment since the date of judgment and costs of suit; and (iii) granting Plaintiffs such other and further relief as the Court deems just and equitable.

## COUNT III

### Objection to Discharge under 11 U.S.C. § 727(a)(7)

45. Plaintiffs repeat and reallege paragraphs 1 through 44 of the Amended Complaint as if fully set forth herein.

46. Defendant has committed the acts specified in 11 U.S.C. §§ 727 (a)(3), (a)(4) one year before the date of the filing of his Petition and during the case, in connection with an insider, namely his spouse - Tara Wilding.

47. As a result of Defendant's acts, Plaintiffs are unable to determine whether Defendant possesses assets to collect upon their judgment and have suffered damages.

48. Plaintiffs object to Debtor's discharge under 11 U.S.C. § 727(a)(7).

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows (i) that Defendant be denied discharge pursuant to 11 U.S.C. § 727(a)(7); (ii) granting Plaintiffs' attorneys' fees, expenses, accruing interest on the judgment since the date of judgment and costs of suit; and (iii) granting Plaintiffs such other and further relief as the Court deems just and equitable.

## COUNT IV

**Defendant's Debt to Plaintiffs Is Nondischargeable Pursuant to 11 U.S.C. § 523(a)(6)**

49. Plaintiffs repeat and reallege paragraphs 1 through 48 of the Amended Complaint as if fully set forth herein.

50. Defendant willfully and maliciously engaged in physical assault against Plaintiff-Sean Halaw at McKeage's Tavern in July 2004.

51. Defendant caused willful injury to Plaintiffs by deliberately or intentionally injuring Plaintiff-Sean Halaw.

52. Defendant had actual knowledge that he was violating the law with intent to bring about injury when he attacked Plaintiff-Sean Halaw at a McKeage's Tavern.

53. Defendant caused malicious injury to Plaintiffs by his conduct which was certain or almost certain to cause harm to Plaintiff-Sean Halaw.

54. Defendant knew that as a result of his actions, the Plaintiffs would be injured and incur damages.

55. Plaintiffs have incurred damages as a result of the foregoing and Defendant's actions.

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows (i) determining that all debts owed by Defendant to Plaintiffs are nondischargeable pursuant to 11 U.S.C. §523(a)(6); (ii) granting Plaintiffs' attorney's fees and costs that it incurred in bringing this action; and (iii) granting Plaintiffs such other and further relief as the Court deems just and equitable.

**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP**
Attorneys for the Plaintiffs

BY: /s/ Christopher J. Balala
Christopher J. Balala, Esq.

Dated: March 20, 2018