**FILED**

August 17, 2020
Jeanne A. Naughton, CLERK
United States Bankruptcy Court
Newark, NJ
By:  /s/ Sharon Moore, Courtroom Deputy

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                        :

In re:                        :

                        :    CHAPTER 7

MARLON J. WILDING,    :

         Debtor.    :

                        :    CASE NO.: 17-35624(RG)
_____  :

                        :

SEAN and LAURIE HALAW,   :

                        :    ADV. NO.: 18-1154(RG)

        Plaintiffs,    :

v.                       :

                        :

MARLON J. WILDING,    :

         Defendant.    :
_____  :

## **OPINION**

**APPEARANCES:**

Edward P. Azar, Esq.
Edward P. Azar, L.L.C.
2840 Route 23
Newfoundland, New Jersey 08735
*Counsel for Debtor/Defendant*

Guillermo J. Gonzalez, Esq.
Scura, Wigfield, Heyer, Stevens & Cammarota, L.L.P
1599 Hamburg Turnpike
Wayne, New Jersey 07470
*Counsel for Plaintiffs Sean and Laurie Halaw*

**ROSEMARY GAMBARDELLA, UNITED STATES BANKRUPTCY JUDGE**

### MATTER BEFORE THE COURT

Before the Court is the Debtor Marlon Wilding's Motion to Dismiss the Plaintiffs, Sean and Laurie Halaw's Complaint, seeking the determination that the debt owed to the Plaintiffs is non-dischargeable pursuant to § 523(a)(6) and objecting to Debtor's discharge pursuant to §§ 727(a)(3), (a)(4), and (a)(7) because it is time-barred under the Federal Rules of Bankruptcy Procedure Rule 4004 and Rule 4007, which provides that the time period for filing is sixty (60) days from the first scheduled meeting of creditors. The Plaintiffs filed Opposition to Defendant's Motion to Dismiss and have moved by Cross-Motion for Partial Summary Judgment pursuant to §523(a)(6) seeking the dischargeability of the debt as a result of the Defendant's willful and malicious assault on Plaintiff Sean Halaw. The Plaintiffs have also filed a motion for sanctions pursuant to Fed. R. Civ. P. 37. Debtor filed Opposition to Defendant's Motion for Partial Summary Judgment and a Letter Brief in Response to Defendant's Motion to Dismiss and Opposition to Plaintiffs' Motion for Summary Judgment. This Court held a hearing on December 4, 2019. Thereafter, the parties submitted post-hearing memoranda and briefs. The following constitutes this Court's findings of fact and conclusions of law.

### JURISDICTIONAL STATEMENT

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I) and (J), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 and amended September 18, 2012. Non-dischargeability is an issue of a substantive right that arises under Title 11, and therefore, the Court has "core" jurisdiction over the Adversary Complaint pursuant to 28 U.S.C. § 157(b)(2)(I) and (J). *See Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999).

### STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On December 22, 2017, the Defendant filed a bankruptcy petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Plaintiffs Sean and Laurie Halaw ("Plaintiffs") are creditors of the Defendant by virtue of an assault and the gravamen of the action by the Plaintiffs is for pecuniary losses and damages caused by the Defendant's willful and malicious injury stemming from a bar fight that occurred on July 25, 2004. Defendant pled guilty as charged to aggravated assault with a five (5) year probationary term which was completed – purportedly causing bodily injury to Plaintiff Sean Halaw. Defendant was represented by counsel during his guilty plea and was sentenced for his crime on June 21, 2006. The Defendant's assault left Plaintiff Sean Halaw permanently disabled.

The Plaintiffs, through counsel Scura, Wigfield, Heyer, Stevens & Cammarota, L.L.P, filed the present Adversary Complaint on March 21, 2018. The Complaint alleges that Defendant's Petition was signed under oath, yet contains material inaccuracies including overstated expenses, understated income, and failure to disclose assets of the bankruptcy estate.

In addition, the Complaint alleges that Defendant failed to properly disclose codebtors on Schedule H, namely his codefendant in the criminal case wherein the debt to the Plaintiffs was incurred. On January 31, 2011, Defendant's partner in the assault, Kevin Maher, filed Chapter 7 bankruptcy bearing the case number 11-12660(RG) in this Court. On April 26, 2011, Plaintiffs filed an adversary proceeding in Kevin Maher's case, bearing Adv. Pro. No. 11-1687, and the debt owed to the Plaintiffs was declared non-dischargeable. The Complaint also asserts that the Defendant has concealed, destroyed, and failed to maintain records as well as list the debt owed to the Plaintiffs as "Claims for death or personal injury while you were intoxicated" as enumerated in the filed Petition, and for committed acts specified in §§ 727(a)(3) and (a)(4) one

year before the filing of his petition and during the cases in connection with an insider. The Complaint objects to the Debtor's discharge under 11 U.S.C. §§ 727(a)(3), 727(a)(4), and 727(a)(7).

On May 8, 2018, the Defendant filed his Answer to the Complaint where he admits that the Plaintiffs are creditors however denies that they are creditors as a result of an assault and denies that the act or conduct was willful and malicious. The Debtor also admits that he entered a guilty plea to aggravated assault in the Superior Court of New Jersey Passaic County Law Division. By the Answer, the Debtor also asserts that the Plaintiffs are time barred from objecting to the discharge or dischargeability and seeks dismissal of the Complaint.

*Motion to Dismiss (Doc. #23)*

The Debtor filed the present Motion to Dismiss on July 31, 2019. The Debtor explained his version of what transpired on the night of the alleged assault on July 25, 2004. According to the Debtor, on that night, he was accompanied by several friends to a bar in West Milford, New Jersey known as McKeage's Tavern and shortly after they arrived, a friend that accompanied him, Kevin Maher, began a verbal altercation with Plaintiff Sean Halaw. The altercation escalated into a physical confrontation between Mr. Halaw and Mr. Maher. Mr. Wilding alleges to have consumed one (1) beer before coming to the assistance of his friend and asserts that he was a minor participant in the altercation. Mr. Wilding does not agree that his participation in the altercation caused Mr. Halaw to sustain any serious injuries. However, the Passaic County Prosecutor's Office pursued criminal charges against Mr. Wilding and Mr. Maher indicting both individuals on charges of aggravated assault. Mr. Wilding accepted a plea offer rather than face the possibility of incarceration, which caused Mr. Wilding to plead guilty to aggravated assault with a five (5) year probationary term. Mr. Wilding successfully completed probation without

4

incident and paid the fines and penalties associated therewith. Mr. Maher on the other hand, refused to accept the plea offer and was found not guilty of any charges, including a lesser included offense of simple assault, at the conclusion of a jury trial.

Thereafter, Mr. Halaw instituted legal proceedings against Mr. Wilding, Mr. Maher, and others in the Superior Court of New Jersey, Law Division, Passaic County, Docket No. PAS-L-3214-06. Neither Mr. Wilding nor Mr. Maher appeared in the civil proceedings and after a proof hearing was conducted, default judgment was entered on August 22, 2008 against both individuals for $200,000.00 plus $10,000.00 *per quod* to Laurie Halaw.

The Debtor notes that in Mr. Maher's bankruptcy, Case No. 11-12660, the Plaintiffs filed an adversary proceeding under Adv. Proc. 11-1687, asserting that the judgment was not dischargeable. However, Mr. Maher defaulted in that adversary proceeding resulting in this Court, after a proof hearing, entering an Order on August 7, 2012 finding that the judgment was not dischargeable as to Mr. Maher pursuant to 11 U.S.C. § 523(a)(6).

The Debtor notes that his 11 U.S.C. § 341 hearing was scheduled and conducted on January 19, 2018. The Plaintiffs were listed as creditors in his petition but did not appear at the § 341 hearing to dispute dischargeability of their claim or timely file an adversary proceeding. The Debtor argues that the sixty (60) day-time limit expired on March 20, 2018 and as a result, the Plaintiffs are now time-barred as they filed the present Adversary Complaint on March 21, 2018.

The Debtor relies on *Sadek v. Etty Cymet-Meor Jai (In re Etty Cymet-Meor Jai)*, where the Debtor filed Chapter 7 bankruptcy on June 18, 2014 and the bar date sent by the Court was September 19, 2014—sixty (60) days after the first scheduled meeting of creditors. 2015 Bankr. LEXIS 240 (Bankr. D.N.J. 2015). On September 22, 2014, the Plaintiff filed an adversary complaint challenging the dischargeability of debt owed to him, three (3) days later on

September 22, 2014. The Court determined that there was no discretion to retroactively extend the deadline for filing a dischargeability complaint and that excusable neglect and equitable tolling were not applicable under the circumstances of that case to allow the late filing of the Complaint.

*Plaintiffs' Brief on Motion for Sanctions (Doc. #25)*

Plaintiffs argue that, under Rule 37(a) of the Federal Rules of Civil Procedure, "a party seeking discovery must obtain a court order requiring the opposing party to make discovery sought." Pl.'s Br. at 2; *Transportes Aereos de Angola v. Ronair, Inc.*, 104 F.R.D. 482, 487 (1985). If no discovery is provided, Rule 37(b) may be invoked, authorizing sanctions against the party for failure to comply with the discovery order. *Id.* Rule 37(b)(2)(A) authorizes a list of sanctions for failure to comply with court orders.

Plaintiffs here present a series of requests, including: (1) establishing the fact that the debt at issue be non-dischargeable because it stems from pecuniary losses and damages from Defendant's willful and malicious attack on Plaintiff; (2) for Defendant to be prohibited from bringing defenses (including affirmative defenses) or introducing matters into evidence; (3) to strike Defendant's pleadings in whole; (4) to render a default judgment against the Defendant; (5) to hold Defendant or Defendant's counsel in contempt of court; and (6) to order Defendant or Defendant's counsel to pay reasonable expenses, including attorney's fees caused by Defendant's failure to abide an order of this Court.

Plaintiffs apply the *Poulis* factors enumerated in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984) to determine whether the factors weigh in favor of granting sanctions against the Defendant. The six factors to consider are enumerated therein, and the Court will consider them below.

First, Plaintiffs claim that the responsibility should be placed on the Defendant, who callously disregarded an April 17, 2019 Order of Bankruptcy Judge Jerrold N. Poslusny, Jr. which granted Plaintiffs' Motion to Compel Discovery in connection with the Debtor's Rule 2004 Examination originally scheduled for March 9, 2018 and rescheduled for March 16, 2018. Plaintiffs cite to *Poulis* and *Ennis,* 782 F.2d 863 (3d Cir. 1984), stating that a disobedient party displaying flagrant bad faith or callous disregard would be held responsible. However, a lack of responsibility for counsel's dilatory conduct is not dispositive and would not absolve that party of responsibility. *Poulis,* 747 F.2d at 868. They continue that although Plaintiffs sent discovery requests, including Plaintiffs' Interrogatory and Request for Production of Documents to Defendant on at least two occasions and made a motion to compel and extend discovery, the Defendant has not produced the discovery. As such, it is argued that Plaintiffs met the responsibility standard, but Defendant has not.

Second, there must be prejudice to the Plaintiffs that stem from the Defendant's failure to meet scheduling orders and failure to respond to discovery. Plaintiffs cite the Third Circuit case, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003), which states that prejudice does not mean "irremediable harm", but means "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." The court in *Poulis* found that the defendant was prejudiced by the plaintiff's unnecessary delay after plaintiff did not answer interrogatories or file any objections. *Poulis*, 747 F.2d at 868. Here, Plaintiffs state that they suffered the same prejudice as described above when they were forced to conduct an examination without completed documents, conduct litigation without discovery, and, consequently, experienced delays and incurred the cost of compelling and extending discovery.

Third, Plaintiffs assert that Defendant has displayed a history of dilatoriness. Plaintiffs refer to the *Poulis* court which found that plaintiff's counsel's history of ignoring time limits was intolerable. *Id.* Plaintiffs' assert that Defendant's outstanding discovery obligations are sufficient to show Defendant's dilatoriness.

Fourth, Plaintiffs find the conduct of Defendant to be arguably "willful" and "in bad faith." Plaintiffs cite to *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984), stating that the words "willful" and "bad faith" as standard for culpable conduct are terms meant to guide the district court by expressing the Court's preference for avoiding default judgments when the circumstances do not justify it, but the entry of a default judgment may be proper in certain cases where these terms never appear. *Id.* at 1183. Plaintiffs claim that this element is satisfied as a result of their numerous failed attempts to get in touch with Defendant. Plaintiffs further claim that Defendant's behavior was a "total disregard" of his obligation to the court.

Fifth, Plaintiffs contend that their requested relief is merited because alternative sanctions would be ineffective. The court in *In re Claire Transp., Inc.*, No. 02-30742, 2010 WL 3928479, at *9 (Bankr. D.N.J. October 1, 2010) found that it was difficult to analyze defendants' merits because the defendants did not provide any discovery leading to trial. *Id.* As such, barring the defendants' answers and affirmative defenses was necessary because no other remedy would serve as an adequate remedy to the trustee. *Id.* at *24. Plaintiffs claim that their requested sanctions are justified under the circumstances because they do not have requested discovery, leaving them unable to prepare for trial while incurring substantial costs.

Lastly, pursuant to Rule 37(b)(2), Plaintiffs assert that the meritoriousness of Defendant's defenses are irrelevant because Defendant's non-compliance with the court Order and discovery obligations have already caused substantial prejudice. The *Poulis* court noted that a defense will

8

be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense. *Poulis,* 747 F.2d at 869. Plaintiffs argue that certain courts have decided not to consider the sixth *Poulis* factor because the court cannot determine the merits of Defendant's defenses given the limited nature of his Answer. *See Luxottica Group S.P.A. v. Shore Enuff*, 2018 WL 5286171, at *4 (D.N.J. Sept. 21, 2018). Plaintiffs contend that case law illustrates that when five out of six of the factors support entering a default, courts have declined to address the sixth *Poulis* factor and that the same is applicable here. *See Vanz, LLC* v. *Mattia & Associates*, Civ, 2017 WL 581344, at *3 (D.N.J. Jan. 25, 2017). If the Court decides to apply the sixth *Poulis* factor, Plaintiffs urge that they have a very strong claim for willful and malicious injury under 11 U.S.C. § 523(a)(6).

Arguing that Plaintiffs have satisfied the *Poulis* factors, Plaintiffs are requesting Defendant should have to admit Plaintiffs' version of the facts pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). In *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 110 F.R.D. 363, 366 (D. Del. 1986), the defendant failed to comply with a motion to compel. As a result, Plaintiffs were entitled to (1) the advantage of every possible inference that could possibly be drawn from formulae evidence sought in that case, (2) establishing certain facts which bottlers could use, that the manufacturers could not rebut, and manufacturer would be prohibited from introducing designated matters into evidence, and (3) manufacturer had to pay expenses and fees incurred because of manufacturer's failure to comply with the court's discovery order. Here, since Defendant failed to comply with a discovery order and considering the overwhelming evidence of Plaintiffs' version of the facts, Plaintiffs argue this Court should issue an order pursuant to Rule 37(b)(2)(A)(i) establishing that the debt at issue here stems from pecuniary losses and damages from Defendant's willful and malicious attack on Plaintiff Sean Halaw in the said bar

fight which was the proximate and actual cause of serious and permanent injuries to Plaintiff and should therefore be declared non-dischargeable.

Lastly, Plaintiffs request that this Court hold Defendant or Defendant's counsel in contempt of court and order Defendant or Defendant's counsel to pay reasonable expenses, including attorney's fees caused by Defendant's failure to abide by the Order of this Court *citing inter alia Latrobe Steel Co. v. United Steelworkers of America*, 545 F.2d 1336 (3d Cir. 1976).

*Plaintiffs' Opposition and Cross-Motion for Partial Summary Judgment (Doc. #27)*

The Plaintiffs filed a Cross-Motion for Partial Summary Judgment arguing that the evidence clearly supports the conclusion that the Defendant's willful and malicious assault on Mr. Halaw is a non-dischargeable debt pursuant to § 523(a)(6) of the Bankruptcy Code and as a result, the Court should grant the Cross-Motion. The Plaintiffs rely in part on two New Jersey bankruptcy cases and a case from the Western District of Pennsylvania in support of their position, *McCann v. Jacques*, 2007 WL 1420590, at *1 (Bankr. D.N.J. May 9, 2007), *Matter of Moccio*, 41 B.R. 268 (Bankr. D.N.J. 1984), *In re Wible*, 1993 WL 390171, at *1 (Bankr. W.D. Pa. Sept. 27, 1993); *See also Kawaauhau v. Geiger*, 523 U.S. 157, 161 (1998).

In opposition to the Motion to dismiss based on statute of limitations, the Plaintiffs contend that Defendant caused delay in filing the instant Adversary Complaint when the Debtor failed to respond to subpoena demands and initially appear at a scheduled examination. Plaintiffs also assert that the Defendant actively participated in this adversary proceeding for 1.5 years, including making discovery demands and attending mediation with mediator Nancy Isaacson, Esq. at expense and costs to the parties. Plaintiffs claim that as case law illustrates, Defendant's actions evidence waiver of his right to claim a statutory statute of limitation defense and that the

balance of equities support non-dismissal of the egregious allegations when Defendant actions evidence unclean hands, latches, equitable tolling, and waiver.

*Waiver*

For the Plaintiffs wavier defense, the Plaintiffs rely on, among other cases, a New Jersey Appellate Division case, *White v. Karlsson*, claiming that the application of waiver in state law and federal law appear identical as Third Circuit case law makes clear that the actions or inaction of a party waive a claim for a statute of limitations defense on the eve of trial. 354 N.J. Super. 284 (App. Div. 2002). The Plaintiffs claim that like in *White*, it is undisputed that: (1) Defendant attended a prelitigation 2004 examination; (2) Defendant requested discovery from Plaintiffs; (3) Plaintiffs responded to discovery; (4) Plaintiffs requested discovery: (5) the parties drafted mediation statements; (6) the parties participated in mediation; (7) the parties extended the discovery end and trial date; and (8) Plaintiffs' filed a motion to compel discovery without objection. Therefore, Plaintiffs assert that Defendant's actions clearly illustrate a waiver of any dismissal of the claim. Further, Plaintiffs and Defendant have been participating in this litigation for approximately 1.5 years and Defendant should not be permitted to assert a defense with cost and expense to the Plaintiffs, when Defendant could have easily filed a motion to dismiss. Similar to *White*, the Plaintiffs claim that the interest of justice demands that the Defendant should not be permitted to seek dismissal on the eve of trial and while the Plaintiffs were one day late in filing a complaint, Defendant has waited 1.5 years following substantial participation and cost by the parties to file the instant motion to dismiss the complaint.

*Laches*

Plaintiffs claim that the equitable defense of laches is also appropriate under these circumstances. The Plaintiffs alleges that the Defendant was at minimum, aware of the statutory

deadline and rather than immediately file a motion to dismiss the case, Defendant actively participated in litigation. The Plaintiffs note that the affirmative defense of laches requires proof of (1) lack of diligence by the party against whom the defense is asserted and (2) prejudice to the party asserting the defense. *In re Korman*, 2010 WL 889866 *2 (Bankr. D.N.J. 2010). Plaintiffs claim that due to the Defendant actively participating in the adversary proceedings for 1.5 years, the parties have incurred substantial expenses and legal costs and now, on the eve of trial, Defendant seeks to dismiss the case. Interest of justice requires that the Defendant be equitably estopped from asserting a defense that could should have been asserted by a simple motion to dismiss 1.5 years ago. Plaintiffs maintain that it is clear that the Defendant was not diligent in asserting his rights and the Plaintiffs have sustained prejudice as a result of the inaction.

*Equitable Tolling*

Equitable tolling applies when Plaintiffs have been prevented from filing in a timely manner due to sufficiently equitable circumstances. *See Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements (1) he has been pursuing his rights diligently and (2) some extraordinary circumstances stood in his way. *Pace v. DiGuigliomo*, 544 U.S. 408, 418 (2005). To satisfy the burden of proving that equitable tolling factors apply to the present circumstances, Plaintiffs allege that they discovered concealed facts at the Defendant's 2004 examination on March 16, 2018 following multiple failures by Defendant to produce documents. The Defendant's unequivocal failure to produce documents caused substantial delay in allowing the Plaintiffs to assert their right. Plaintiffs rely on *In re Murphy*, 1 B.R. 736 (Bankr. S.D. Cal. 1979), where the plaintiff's counsel filed an adversary proceeding one day past the statutory deadline and argued excusable neglect was applicable because of the counsel's heavy litigation practice and it was his

12

staff's failure to file the Complaint. There, the bankruptcy court stated, "[t]he concept of excusable neglect rather, has been construed by the federal courts to be a flexible one, requiring a showing of good faith by the party seeking enlargement, a reasonable basis for non-compliance within the specified period, and a lack of prejudice resulting to the opposing party." The Court further stated, that "[i]n addition to the foregoing, this Court is mindful of the need that justiciable matters be substantively considered and not be barred by procedural technicalities, unless some important purpose is served." *Id.* It continued that "[l]itigants such as the Plaintiff, moreover, should not be penalized for the careless behavior of their counsel." *Id.*

Here, the Plaintiffs argue that the failure to file a timely adversary complaint by one day was due in large part by the Defendant's own unclean hands based on failure to respond to the 2004 subpoena and produce discovery by March 2, 2018 in anticipation of a deposition of Defendant originally scheduled for March 9, 2018. The deposition was ultimately held on March 16, 2018. As a result of the Defendant's numerous failures to respond to Plaintiffs' discovery requests, Plaintiffs failed to timely file the complaint.

The Plaintiffs assert that they diligently pursued their claims but due to Defendant were delayed. In addition, the Plaintiffs assert that they did not know that they had viable § 727 claims until the deposition on March 16, 2018, when it was discovered for the first time that Defendant was overstating expenses, understating income, failing to disclose assets, failing to disclose all of his bank accounts, understating the value of assets, and that the Defendant made large purchases prior to the filing of the petition. As a result, Plaintiffs served Defendant with a Request for Production of Documents. An Order compelling discovery was entered by this Court on April 17, 2019. Defendant failed to comply with that Court Order, and the Plaintiffs have since filed the instant motion for sanctions seeking in part to strike Defendants' answer. Therefore, the

13

Plaintiffs are asserting that the statute of limitations should be tolled from the date of the March 16, 2018 examination.

<u>Unclean Hands</u>

In asserting that the Debtor-Defendant has unclean hands, the Plaintiffs refer to *In re Dodd*, 276 B.R. 817, 821–22 (Bankr. N.D. Ohio 2001) and *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co*, 324 U.S. 806 (1945), which stands for the proposition that,

> [a] basic tenet of equity jurisprudence is that the party seeking equitable relief must come to the court with "clean hands." The essence of this doctrine is that no person can obtain affirmative relief in equity with respect to a transaction in which he or she has been guilty of inequitable conduct.

*See also In re Galtieri,* 2007 WL 2416425, at *11 (Bankr. D.N.J. Aug. 17, 2007), *aff'd sub nom. Galtieri v. Kane,* 2008 WL 958048 (D.N.J. Apr. 8, 2008); *In re Soyong Suh,* 2018 WL 5024904, at *7 (Bankr. D.N.J. Sept. 28, 2018); *In re* Hutt, 2018 WL 3725747, at *3 (Bankr. D.N.J. Aug. 2, 2018). The Plaintiffs argue that the Defendant is before the Court seeking dismissal of this matter with unclean hands because although the Defendant has substantially participated in the adversary proceeding despite clear knowledge of the statutory deadline, he is asking for an equitable relief, when he has failed to provide equity by failing to provide discovery.

<u>*Debtor's Opposition to Plaintiffs' Motion for Partial Summary Judgment (Doc. #31)*</u>

Debtor filed a Response to Plaintiffs' Statement of Material Fact and argues that the Plaintiffs are not entitled to Summary Judgment because there are substantial factual issues at issue. The Debtor submits that although the Defendant admits to his participation in the assault upon the Plaintiff, which involved numerous individuals, there is nothing within the record to indicate that the Defendant intended to cause the injuries which Plaintiff alleges or that the

Defendant's personal conduct resulted in the injuries sustained to Plaintiff to grant a Motion for Summary Judgment under § 523(a)(6).

The Debtor submits that the Plaintiffs would have the Court find that the Plaintiffs' failure to file a timely adversary proceeding was due to the Debtor in this action but the Debtor claims this is untrue. The Debtor appeared for the deposition on March 16, 2018, which was four days prior to the deadline for filing an adversary proceeding. Plaintiffs do not allege that any additional information or documentation was produced after the March 16, 2018 deposition. There is absolutely no evidence or documentation to substantiate the one-day delay in filing the adversary proceeding and therefore, laches, and waiver are inapplicable to support the Plaintiffs position.

The Debtor also asserts that equitable tolling is not available to the Plaintiffs in this matter because this is simply a case that the Plaintiffs filed the Complaint late. It had absolutely nothing to do with the Plaintiff being prevented from a timely filing. The Debtor claims that the Plaintiffs filed the Complaint March 21, 2018, and it could have easily been filed 24 hours prior. Furthermore, Plaintiffs never filed an application to the Court to extend the time for filing an adversary proceeding but a year and half later, when faced with a Motion to Dismiss because of the untimely filing, the Plaintiffs raise the present issues. The Debtor also contends that the issue of unclean hands is not an adequate defense for simply failing to timely file the adversary proceeding.

*Letter Brief in Response to Defendant's Motion to Dismiss and Opposition to Plaintiffs' Motion for Summary Judgment (Doc. #34)*

The Plaintiffs asserted that the Defendant voluntarily plead guilty to "attempting to cause and/or purposely or knowingly cause significant bodily injury," and has admitted in a prior proceeding of seeking to cause significant bodily injury to Mr. Halaw. *See* Ex. G to Cross-

15

Motion, Court Transcript of Plea, State of New Jersey v. Marlon Wilding, dated March 27, 2006, Indictment No. 05-03-0278, Tr. 6:12-7:19. Further, the Plaintiffs have provided substantial medical records and expert reports directly linking this incident to the injuries sustained by the Plaintiff demonstrating causation between the injuries and the debt. The Plaintiffs continued that although judgments were entered by default, the State Court and the Bankruptcy Court conducted extensive proof hearings in which significant evidence was submitted prior to judgment being entered on the merits such that these conclusions of fact and law must stand.

Next, the Plaintiffs argued that the Defendant's actions require equitable tolling because although the Plaintiffs' deposition was conducted on March 16, 2018, Defendant failed to respond to the subpoena by March 2, 2018, and failed to appear at the original scheduled deposition on March 9, 2018 without excuse. As such, Plaintiffs were required to reschedule the deposition on the eve of the statute of limitations deadline, which required the Plaintiffs to wait for the deposition to be transcribed and reviewed within a very limited time. The Plaintiffs cited the United States Supreme Court stating, "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." *United States v. Locke*, 471 U.S. 84, 94 n.10, 105 S.Ct. 1785, 85 L.Ed. 2d 64 (1985). The Plaintiffs asserted that this is not a situation where Plaintiffs slept on their rights, and Defendant was aware of the likelihood of the present adversary proceeding when he appeared at the deposition prior to the statute of limitations; thus, Defendant is not prejudiced by a one-day late filing.

*December 5, 2019 Hearing*

The Court held a hearing on December 5, 2019. Debtor's counsel indicated the proceeding is time-barred and analogized the adversary complaint being filed one day late pursuant to the statute of limitations to other areas of the law—for instance personal injury

cases—and therefore, dismissal is warranted. Tr. 3:16-24. The Court queried the application of equitable tolling to which Debtor's counsel responded it does not afford the Plaintiffs the opportunity to file late based upon discovery requested that was not relevant to the herein proceedings. Tr. 4:9-25. Debtor's counsel continued that discovery was provided but additional information was sought consisting of pay stubs, bank statements, and tax returns—information dealing with financial ability—while this case hinges on the nondischargeability of a punch intended to cause injury. Tr. 5:6-18. Counsel argued that accordingly, there was no causation between the discovery request and the day late filing of the Complaint, nor did it result in the actual injuries suffered. Tr. 6:9-11, 7:1-5, 9:9-11.

Plaintiffs' counsel argued that pursuant to Fed. R. Civ. P. 37, the Court may issue an order that provides a party that fails to comply with discovery requests may have its answer stricken. Tr. 10:1-6. Counsel emphasized that the main purposes are to ensure a party does not profit from failure to comply with a court order and deter litigants from disregarding discovery obligation. Tr. 10:10-13. It was indicated some discovery was provided prior to the 2004 deposition, but following the 2004 deposition, additional information was requested. Tr. 11:19-23. Therefore, the failure to provide this information warrants equitable tolling of the statute of limitations for nondischargeability. Tr. 15:18-25. Accordingly, the Court should strike the answer and enter default judgment because of the failure to comply with the Court Order to produce discovery. Tr. 16:7-10. In support, he continued that statutory deadlines are generally subject to defenses of waiver, estoppel and equitable tolling, and equitable tolling is applicable here because there were extraordinary circumstances, including some twenty (20) months of litigation, the failure by the Debtor to produce evidence, and then the failure by Plaintiffs to satisfy the statute of limitations by one day. Tr. 18:10-12, 23:14-24:15, 25:3-5. Counsel also

argued that the Debtor had constructive notice of the filing of the Adversary Complaint including the nondischargeability claim based on the pleadings filed and the mediation process that the parties participated in prior to the bar date. Tr. 40:10-12.

Plaintiffs' counsel noted the request sought is partial summary judgment on Section 523(a)(6) claim on nondischargeability. Tr. 51:2-7. He continued that Plaintiff was viciously attacked, and Defendant plead guilty to purposely or knowingly causing significant bodily injury. Tr. 47:24-48:3. He asserted that Defendant during the guilty plea admitted to at a minimum "trying to knock him out." Tr. 48:11-12. He concluded that Defendant must bear the consequences of his actions. Tr. 50:22-23.

Defendant's counsel argued that Defendant did not intend to cause the injuries suffered by Plaintiff from a single punch. Tr. 51:11-12, 52:3-4. He continued that the statute for nondischargeability refers on to intentional acts, and here, the Defendant did not intend to cause the injuries that were sustained—rather it was a negligent situation where Defendant attempted to assist his friends involved in a scuffle. Tr. 52:12-21.

*Post-hearing Supplemental Filing (Doc. #35)*

On December 6, 2019, the Plaintiffs filed a post-hearing supplement that attached a transcript of motions in *Arroyo v. Stegen*, Adv. No. 17-1318-VFP, noting that although the transcript generally concerns summary judgment issues, Bankruptcy Judge Vincent Papalia has determined that a statute of limitations may be extended in certain situations, citing that the Court "allowed the [nondischargeability] complaint be filed late and beyond the deadline imposed by the Bankruptcy Rule on the basis of the exceptional circumstances of the case and Plaintiff Ms. Arroyo's proceeding pro se." Tr. of Feb. 2018 Hr'g *Arroyo v. Stegen,* Adv. No. 17-1318, 20:9-21:6.

*Plaintiffs' Letter Brief (Doc. #36)*

On January 7, 2020, the Plaintiffs filed a Supplemental Letter Brief arguing bankruptcy courts within the circuit and district have expressed equitable tolling principals can be applied to the statute of limitations in adversary proceedings, citing Bankruptcy Judge Andrew Altenburg's holding in *In re Zakarin*, 602 B.R. 275 (Bankr. D.N.J. 2019). In that case the debtor listed the law firm Liddle & Robinson when he filed for relief under Chapter 7 of the Bankruptcy Code. On the last day to file an adversary complaint objecting to discharge, the Plaintiffs' attorneys attempted to do so, but were unable because they were not admitted to practice in the State of New Jersey and not registered with the court's CM/ECF filing system.

Still trying to file within the deadline, the attorney sent an email to the judge's chambers explaining his predicament and attached the summons and complaint. After further issues with CM/ECF, the firm tried to serve a hard copy of the complaint a day after the deadline, which was rejected because the courier was not provided with the filing fee. Liddle & Robinson successfully filed the complaint three days after the deadline. The Court did not find equitable tolling applicable as it only applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances, which were not present in that case. The Court relied on the Third Circuit case *Hedges v. United States*, which established three conditions that satisfy equitable tolling: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or rights mistakenly in the wrong forum. 404 F.3d 744, 751 (3d Cir. 2005).

Plaintiffs assert that in *In re Zakarin*, the Plaintiffs failed to meet any of the conditions set forth in *Hedges* because the Debtor did not prevent the Plaintiff from recognizing the validity of

its claim within the limitations period and had not misrepresented any material fact; extraordinary circumstances did not exist because the delayed filing was solely caused by Plaintiffs, not an external factor; and Plaintiffs did not exercise diligence to timely file the complaint by waiting until the evening of the deadline to attempt to file the complaint in a court in which not one member of the firm was admitted. 602 B.R. at 284. Plaintiffs argue however, this case is distinguishable from *Zakarin* because the Defendant mislead Plaintiffs and prevented Plaintiffs from asserting their rights because of Defendant's repeated refusal to comply with a legally valid subpoena and good faith discovery attempts prior to the filing deadline. Plaintiffs continued that the purpose of the 2004 examination was to determine if additional causes of action existed outside § 523(a)(6) of the Bankruptcy Code; Defendant's noncompliance misled Plaintiffs as to their cause of action; and during the 2004 examination that was conducted on March 16, 2018 without all the requested documents, Plaintiff discovered several material inaccuracies in the bankruptcy petition that form the basis of the § 727 actions.

The Plaintiffs further distinguish this case from *Zakarin* as here Plaintiffs conducted a 2004 examination, while in *Zakarin* the attorney attended the § 341(a) meeting of creditors but took no other action, and concluded the neglect present in *Zakarin* was not present here. The Plaintiffs also note that it was not until the deposition on March 16, 2018 and review of the transcript when it discovered that it had a viable § 727 claim.

Next, the Plaintiffs argue that *In re Zakarin* does not hold that equitable tolling doctrine cannot be applied to bankruptcy adversary proceedings or overrule caselaw allowing for the doctrine's application and courts have applied equitable tolling to similar cases. *See Kontrick v. Ryan*, 540 U.S. 443 (2004).

The Plaintiffs assert that generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Further, in the Third Circuit, "[e]quitable tolling applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Hedges*, 404 F.3d at 751. The grounds for equitable tolling are (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Id.*

The Plaintiffs assert that the Supreme Court expressed that equitable tolling could be raised and that Rule 4004 of the Rules of Bankruptcy Procedure is not "jurisdictional" but is rather a claims processing rule. *Kontrick v. Ryan*, 540 U.S. 443, 460 (2004). Further, the Court in *DeMaria* allowed a complaint filed after the deadline to be equitably tolled when the plaintiff had already filed a motion seeking non-dischargeability before the deadline reasoning that the complaint could relate back to the original filing because it put the defendant on notice of the claim. *DeMaria v. Peters*, 2014 WL 2011801 (Bankr. D.N.J. May 16, 2014). Likewise, Plaintiff notes Judge Papalia has extended the statute of limitations beyond the deadline imposed by the Bankruptcy Rule in exceptional circumstances. *See Arroyo v. Stegen*, Adv. No. 17-1318-VFP.

Next, the Plaintiffs argue that other defenses serve as viable reasons to deny Defendant's motion to dismiss. Plaintiffs argue that waiver has applied to cases such as here where the Defendant slept on the right to use a statute of limitations affirmative defense, and here the Defendant slept on its rights. *See Kontrick*, 540 U.S. at 460. *In re Weinberg*, 197 Fed. Appx. at 188- 189. The Plaintiffs argue that Defendant slept on their rights as (1) Defendant attended a

pre-litigation 2004 examination; (2) Defendant requested discovery from Plaintiffs; (3) Plaintiffs responded to discovery; (4) Plaintiffs requested discovery; (5) the parties drafted mediation statements; (6) the parties participated in mediation; (7) the parties extended the discovery end and trial date; and (8) Plaintiffs filed a motion to compel discovery without objection.

The Plaintiffs also raise the doctrine of equitable estoppel which requires: (1) a representation of material fact was made to the party; (2) such party had a right to, and did, rely on the representation; and (3) that denial of the representation by the party making it would injure the relying party. *See In re Okan's Foods, Inc.*, 217 B.R. 739, (Bankr. E.D. Pa. 1998). Plaintiffs argue equitable estoppel is present here because Plaintiffs relied Defendant's acceptance of service of their 2004 subpoena and assumed Defendant would comply and provide the requested documents so Plaintiffs could assert claims. However, the 2004 Examination was cancelled and rescheduled because of Defendant's noncompliance. Further, at the rescheduled 2004 Examination, Defendant did not provide all the necessary documents. The Plaintiffs argued this prevented them from asserting their rights due to reliance on Defendant's representations. Therefore, the Plaintiffs conclude that the elements of equitable estoppel are present.

*Response to Defendant's Supplemental Memorandum (Doc. #37)*

On January 13, 2020, the Plaintiffs filed a Response to Defendant's Supplemental Memorandum arguing that Defendant's refusal to respond to Plaintiffs' discovery demands and appear at the originally scheduled 2004 examination caused substantial delay in determining causes of action. Also, there would be no need to have extended the deadline if Defendant had abided by the subpoena and deposition.

Additionally, the Plaintiffs assert that if Defendant responded to Plaintiffs' counsel's emails informing of the need for additional time to obtain documents, or reschedule the 2004

examination, the Plaintiffs would have likely filed a motion to extend, but instead the emails were not responded to. Defendant concluded that *Arroyo v. Stegen* illustrates that equitable tolling has been applied in the District of New Jersey to nondischargeability actions after the statutory deadline, and such application is appropriate here.

*Defendant's Trial Brief (Doc. #38)*

On January 29, 2020, Defendant filed a Supplemental Memorandum dated January 6, 2020, which asserts that the Court in *Liddle and Robinson v. Zakarin (In re Zakarin)*, 602 B.R. 275 (2019) held that equitable tolling may apply in the following circumstances: (1) when a Plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances; (2) where the Defendant has actively misled the Plaintiff respecting the Plaintiff's cause of action; (3) where the Plaintiff in some extraordinary way has been prevented from asserting his or her rights; (4) where the Plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Defendant argues that none of the circumstances are present in this case, Plaintiff failed to provide any explanation as to why the Adversary Complaint was filed one day late, and equitable tolling does not apply.

Defendant argues that the attempt to direct attention to a discovery issue is a smoke screen to cover the fact that the Adversary Complaint was filed out of time and that if counsel for Plaintiffs had concerns about Defendant's failure to produce documents or the delay in completing deposition, a motion to extend time to file an adversary complaint could have easily been filed, but Plaintiffs failed to do so. Defendant distinguishes *Arroyo v. Stegen*, Adv. No. 17-1318-VFP, asserting in that case, among other arguments, Plaintiff filed a motion to extend time to file an adversary complaint, and here, Plaintiffs failed to do so. Defendant concludes that after

failing to take required acts, Plaintiffs now seek an excuse for non-filing in a timely fashion, citing *Holzberg v. Canonico*, 217 Bankr. LEXIS 1685 (Bankr. D.N.J. 2017).

*Supplemental Brief (Doc. #41)*

On February 21, 2020, Plaintiffs filed a Supplemental Letter Brief in Response to the Motion to Dismiss noting that in *In re Stegen*, Case No. 16-11906, Bankruptcy Judge Vincent F. Papalia held Bankruptcy Rule 4007(c) is not jurisdictional, meaning that the deadline may be subject to extension. Plaintiffs continue that in finding that extension to the deadline to allow an untimely complaint was appropriate, Judge Papalia took into consideration the creditor's efforts in the case, including timely filing a proof of claim, supplementing the proof of claim, and complying with terms of a February 16, 2017 Order drafting a complaint stating a claim on its face under § 523(a)(6), as well as creditor's relationship to the debtor, physical ailments, and lack of prejudice to the defendant. *See* Tr. of Hr'g Feb. 7, 2017; Tr. of Hr'g May 2, 2017; Tr. of Hr'g Aug. 10, 2017.

Plaintiffs note therein that in *In re Maughan*, the Sixth Circuit determined that the Bankruptcy Court properly used its power to allow equitable tolling by balancing: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *In re Maughan*, 340 F.3d 337, 344 (6th Cir. 2003) (internal citations omitted). The Plaintiffs assert that while they were diligent in their efforts to prosecute this matter, Defendant failed to produce discovery by the March 2, 2018 deadline as required, and further failed to respond to a request for response inquiring of such failure to produce documents, which therefore resulted in the Plaintiffs cancelling the originally scheduled March 9, 2018 deposition to a later date of March 16, 2018. The Plaintiffs

assert that this failure resulted in the filing of an untimely complaint. They continue that Plaintiff

Sean Halaw was permanently disabled as a result of a vicious attack by the Debtor and that this

Court has already found the co-defendant Kevin Maher's debt nondischargeable. The Plaintiffs

also assert that the Court has several means to extend the statute of limitations, including

equitable tolling, waiver, laches, equitable estoppel, unclean hands and Fed. R. Civ. P. 37(b)(2).

### CONCLUSIONS OF LAW AND ANALYSIS

The Court notes that although not specifically pled, pursuant to Third Circuit case law,

failure to file a complaint within a non-jurisdictional statutory period should be treated under

Fed. R. Civ. P. 12(b)(6). *See Hedges v. United States,* 404 F.3d 744 (3d Cir. 2005). Federal Rule

of Civil Procedure 12(b)(6) is made applicable in bankruptcy court by Federal Rule of

Bankruptcy Procedure 7012. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. When considering

a motion to dismiss, a court must accept all well-pleaded allegations in the complaint as true,

view them in the light most favorable to the plaintiff, and determine whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. Cnty. of

Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973 (2007); *Fowler v.

UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

The United States Supreme Court has set forth a two-step analysis for adjudicating a

motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). First, a

court should identify and reject labels, conclusory allegations, and formulaic recitation of the

elements of a cause of action. Second, a court must draw on its judicial experience and common

sense to determine whether the factual content of a complaint plausibly gives rise to an

entitlement to relief. The court must infer more than the mere possibility of misconduct. *Id*. This does not impose a "probability requirement" at the pleading stage, but requires a showing of "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

In order to determine whether the Court should grant the Debtor's motion for dismissal of the adversary proceeding based on the late filing of the Adversary Complaint, the Court must first consider the statutory period as provided for by Bankruptcy Rules 4004, 4007, 9006 and existing case law interpreting the rules.

Fed. R. Bankr. P. 4004(a), (b)(1), (b)(2) provides:

> (a) In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). In a chapter 11 case, the complaint shall be filed no later than the first date set for the hearing on confirmation. In a chapter 13 case, a motion objecting to the debtor's discharge under § 1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

> (b) Extension of Time.

> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(a), (b)(1), (b)(2) (2020).

Fed. R. Bankr. P. 4007(c) provides:

> (c) Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) [11 U.S.C. § 523(c)] *shall be filed no later than 60 days after the first date set for the meeting of creditors* under § 341(a) [11 U.S.C. §

> 341(a)]. The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, *the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.*

Fed. R. Bankr. P. 4007(c) (2020) (*emphasis added*).

Fed. R. Bankr. P. 9006(b) addresses the extension of time and provides:

> (1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

> (2)  The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.

> (3)  The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(€) 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules. In addition, the court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under § 1116(3) of the Code, only to the extent and under the conditions stated in Rule 1007(c).

Fed. R. Bankr. P. 9006(b) (2012).

There are two prongs that must be met to satisfy Rule 4004(b) and Rule 4007(c) before an extension of time may be granted: (1) the motion must be filed before the time has expired; and (2) there must be "cause" for an extension. *See In re Boltz-Rubinstein*, 454 B.R. 614, 619 (Bankr. E.D. Pa. 2011). Bankruptcy courts maintain "limited discretion . . . to permit filing beyond the bar date." *Dollinger v. Proskanzer (In re Poskanzer),* 146 B.R. 125, 127 (D.N.J. 1992); *see In re Biederman*, 165 B.R. at 788 ("a court has limited discretion to extend the deadlines for filing complaints objecting to the debtor's discharge, or the dischargeability of a creditor's claim and has no discretion for doing so if the request for extension is made after the deadline has expired") (citing *In re Poskanzer,* 146 B.R. at 127; *In re Klein,* 64 B.R. 372, 375–76

(Bankr. E.D.N.Y. 1986); *Bradco Supply Corp. v. Lane (In re Lane),* 37 B.R. 410, 414 (Bankr. E.D. Va. 1984)).

The court in *In re Poskanzer* found that "section 523(a)(3)(B) of the Code tempers the discretion permitted under the Bankruptcy Rules by limiting late filing only to those creditors who lack notice or actual knowledge of the case to permit timely filing."   146 B.R. at 127-28.  Further, it held a "plain-reading of the Code and the Bankruptcy Rules suggest that a creditor's possession of actual knowledge of the case vitiates an inadequately noticed creditor's ability to file out of time." *Id.* at 128.

The court in *In re Pendergrass* did not allow for the extension of a deadline when the motion was filed one day late.  *Dalembert v. Pendergrass (In re Pendergrass)*, 376 B.R. 473, 476 (Bankr. E.D. Pa. 2007).   In that case, the moving party filed an objection to discharge on July 10, 2007, but the last day to object was July 9, 2007.  376 B.R. at 475.  The court held "the language of Rule 4007(c) is clear: a complaint 'shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).'" *In re Pendergrass*, 376 B.R. at 476; *See* Fed. R. Bankr. P. 4007(c).   "Moreover, a court's ability to extend this deadline is strictly confined by the plain language of the Rule to instances where a motion to extend is 'filed before the time has expired.'" *In re Pendergrass*, 376 B.R. at 476.  Accordingly, the court denied the moving party's request for extension of time. *Id.*

Filing a Motion Objecting to Debtor's Discharge one day past the filing deadline renders the motion untimely and therefore it must be dismissed. *Id.*  According to the court in *In Re Pendergrass*:

> If 1-day late filings are acceptable, 10-day late filings might be equally
> acceptable, and so on in a cascade of exceptions that would engulf the rule erected
> by the filing deadline; yet regardless of where the cutoff line is set, some
> individuals will always fall just on the other side of it.  Filing deadlines, like

statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced…. A filing deadline cannot be complied with, substantially or otherwise, by filing late-even by one day.

*Id*. at 478.

There are times when strict deadline limitations can be softened on equitable grounds, however. The Supreme Court has stated that "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." *United States v. Locke*, 471 U.S. 84, 94 n.10 (1985). Some courts have held that "these three equitable doctrines could save a late filing from the harsh effect of Rule 4007(c)." *In re Pendergrass*, 376 B.R. at 479; see, e.g., *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003); *DeAngelis v. Rychalsky (In re Rychalsky)*, 318 B.R. 61, 64 (Bankr. Del. 2004).

Here, the Plaintiffs did not seek an extension of time prior to the expiration of the 60-day deadline, and instead filed the Adversary Complaint one day after the deadline, on March 21, 2018. As a result of the late filing, the Plaintiffs are asserting defenses of waiver, laches, unclean hands, equitable tolling, equitable estoppel and seeking sanctions under Fed. R. Civ. P. 37(b)(2).[1]

## **Waiver**

The Third Circuit in *Evcco Leasing Corp. v. Ace Trucking Co*. 828 F.2d 188 (3d. Cir. 1987), noted that "[i]t is well settled that waiver may be established by conduct inconsistent with claiming the waived right or any action or failure to act evincing an intent not to claim the right." *Id.* (citations omitted). New Jersey courts have held that a waiver occurs when a party dispenses

---

[1] However, responding to the Court's inquiry at the December 4, 2019 hearing with respect to raising equitable estoppel, counsel for Plaintiffs responded, "I did not raise estoppel. I didn't think it was that applicable. The case law throughout the jurisdiction and the country on equitable estoppel is significantly different so I didn't want to really dive into that." Tr. 19:3-7

with the performance of something which he or she has a right to exact or does or forbears to do something inconsistently with the right or the intention to rely on it. *Id.*

The Plaintiffs rely on the New Jersey Appellate Division case *White*, which arose out of a two-car automobile accident. A week before trial, defendant's attorney served plaintiffs' attorney with a motion for summary judgment asserting that plaintiffs' claims were barred by the statute of limitations. Plaintiffs' attorney admitted the complaint was filed twenty-nine days late but argued that the Defendant's statute of limitations defense had been waived. While the trial court granted the motion for summary judgment, the appellate court reversed and held in part, that the

> Plaintiffs participated in discovery, and participated in an arbitration in which the only real issues were the extent of their injuries and the amount of compensation. Neither they nor their attorney had any reason to believe defendant was relying on the limitations defense. On receipt of the application for a trial de novo, they were entitled to assume that the merits of their action would be tried, a point fortified by defendant's subsequent answer to interrogatory twelve, her attorney's motion to extend the time for discovery, and his failure to pose any questions at [Plaintiff's] deposition relevant to a limitations defense.

354 N.J. Super at 291. The Plaintiffs are asserting that the Defendant waived his right to assert this statute of limitation defense because (1) the Defendant attended a prelitigation 2004 examination; (2) Defendant requested discovery from Plaintiff; (3) Plaintiff responded to discovery; (4) Plaintiff requested discovery: (5) the parties drafted mediation statements; (6) the parties participated in mediation; (7) the parties sought from the Court an extension of the discovery deadline and trial date; and (8) Plaintiff's filed a motion to compel discovery without objection.

However, this Court is not persuaded by the *White* case. The Appellate Division made their decision because while the complaint was filed late, it was the Plaintiffs' attorney's fault for the late filing of the complaint and because Defendant waited until the eve of trial to assert the defense. Here, the Court does not find that the Debtor's conduct amounts to a waiver as this

Motion to Dismiss was not filed on the eve of trial and Plaintiffs have not provided any evidence as to how or why a lack discovery would have caused the Plaintiffs to file a late complaint. In fact, because the Plaintiffs claims that they have been involved in litigation for upwards of one and a half years and also filed a timely complaint for non-dischargeability in the co-defendant's Kevin Maher's bankruptcy case in 2011, the Plaintiffs should have been able to have the facts necessary to file this complaint in a timely manner. Moreover, the Court in *White* does not address Bankruptcy Rules 4004 and 4007, as well as the Bankruptcy courts "limited discretion . . . to permit filing beyond the bar date." *Dollinger v. Proskanzer (In re Poskanzer)*, 146 B.R. 125, 127 (D.N.J. 1992).

**<u>Laches</u>**

"Laches is an equitable defense which allows a court to dismiss an action when there exists inexcusable delay in instituting an action and prejudice to the non-moving party as a result of the delay." *In re Levy* (Stripp, J.), 256 B.R. 563, 566 (Bankr. D.N.J. 2000) (citations omitted). The United States Supreme Court has held that the doctrine of "[l]aches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. U.S.,* 365 U.S. 265, 282, 81 S. Ct. 534, 5 L.Ed.2d 551 (1961) (citations omitted). The Third Circuit has explained that "[t]he doctrine of laches consists of two essential elements: (1) inexcusable delay in instituting suit; and (2) prejudice resulting to the defendant from such delay." *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc*., 85 F.3d 1098, 1108 (3d Cir. 1996) (citing *Univ. of Pittsburgh v. Champion Prods, Inc*., 686 F.2d 1040, 1044 (3d Cir. 1982), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 571, 74 L.Ed.2d 933 (1982)).

This Court has noted that "[a]s a safeguard against bankruptcy cases existing in perpetuity, the doctrine of laches for instance operates as a bar against reopening a case." *Figlio*

*v. Am. Mgmt. Servs., Inc. (In re Figlio)* (Gindin, J.), 193 B.R. 420, 425 (Bankr. D.N.J. 1996) (citing *White v. Boston*, 104 B.R. 951, 957 (S.D. Ind. 1989) (laches is defense to motion to reopen)).  *But see Staffer v. Predovich*, 306 F.3d 967, 972 (9th Cir. 2002) (recognizing that "the question of whether [a debtor] could successfully assert the affirmative defense of laches to [a creditor's] nondischargeability action was an extraneous issue at the motion-to-reopen stage, and was not properly addressed prior to the filing [of] the complaint.").  We have noted that "all courts require a particularized showing of prejudice to support a laches defense."  *In re Korman* (Ferguson, J.), 2010 WL 889866 at *3 (Bankr. D.N.J. March 8, 2010).  The burden of proving the applicability of laches to a particular matter rests with the party asserting it as a defense.  *In re Winburn*, 196 B.R. 894, 897 (Bankr. N.D. Fla. 1996).

Under New Jersey law, "[t]he doctrine of laches 'is invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party.'"  *U.S. ex rel. U.S. Dept. of Agriculture v. Scurry*, 193 N.J. 492, 503 (2008) (quoting *Knorr v. Smeal*, 178 N.J. 169, 180-81 (2003)).  "'The policy behind laches is to discourage stale claims [and] the time constraints imposed are flexible under the doctrine.'"  *Scurry*, 193 N.J. at 503 (quoting *County of Morris v. Fauver*, 153 N.J. 80, 105 (1998) (internal citations omitted)).  *See also Chance v. McCann*, 405 N.J. Super. 547, 549, 567-568 (N.J. Sup. Ct. App. Div. 2009).

"Laches may only be enforced when the delaying party had sufficient opportunity to assert the right in the proper forum and the prejudiced party acted in good faith believing that the right had been abandoned."  *Scurry*, 193 N.J. at 503-04 (citing *Knorr*, *supra*, 178 N.J. at 181).  "The key factors to be considered in deciding whether to apply the doctrine are the length of the delay, the reasons for the delay, and the changing conditions of either or both parties during the

delay….In the final analysis, '[t]he core equitable concern in applying laches is whether a party has been harmed by the delay.'" *Id.*

Here, the Plaintiffs are asserting that the defense of laches applies to the present circumstances because the Debtor could have filed the motion to dismiss when the Debtor knew the statutory deadline had passed instead of having actively participating in the adversary proceeding which caused the Plaintiffs to incur additional costs. The Court considers the length of the delay, the reasons for the delay, and the changing conditions of either or both parties during the delay. The core equitable concern in applying laches is whether a party has been harmed by the delay. The Court is not convinced that the Plaintiffs have met their burden of proving that the length of time waited to file a motion to dismiss has caused them harm or caused them to miss the filing deadline.

## Equitable Tolling

The Third Circuit has explained equitable tolling applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). This occurs "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).

The Third Circuit in *Schwartz v. Weinberg* (*In re Weinberg*), discussed the Supreme Court's treatment in *Kontrick* of an untimely action under Fed. R. Bankr. P. 4004(a) stating "it was undisputed that the creditor in Kontrick failed to file in a timely manner and because the creditor raised no argument for tolling based on principles of equity, [the Supreme Court] [sic]

did not address '[w]hether the Rules despite their strict limitations, could be softened on equitable grounds[.]'" *Weinberg*, 197 Fed. Appx. 182, 188 (3d Cir. 2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 457 (U.S. 2004)). The Third Circuit in Weinberg stated further that it "has never held that those rules [Fed. R. Bankr. P. 4004 and 4007] are 'jurisdictional' or otherwise immune from tolling based on equitable principles." *Id.* at 188. Thus, the Third Circuit has not barred late filings where the equities warrant tolling of a bar date. The court in *DeMaria* allowed a complaint filed after the deadline to be equitably tolled when the plaintiff had already filed a motion seeking non-dischargeability before the deadline reasoning that the complaint could relate back to the original timely filed motion because it put the defendant on notice of the claim prior to the bar date. *DeMaria v. Peters*, 2014 WL 2011801 (Bankr. D.N.J. May 16, 2014).

Here, the Plaintiffs do not allege any of the factors needed to justify equitable tolling as the Plaintiffs do not claim they were misled, do not present any extraordinary way they were prevented from timely asserting their rights, or that they timely asserted their rights in a different forum. Further, although the Court does not find the Plaintiffs have adequately pled a circumstance in which equitable tolling is appropriate, the Court notes a litigant "will not receive the benefit of" tolling in any of the aforementioned three situations, "unless she exercised due diligence in pursuing and preserving her claim." *Santos ex rel. Beato v United States*, 559 F.3d 189, 197 (3d Cir. 2009). Here, the Court finds the claim has not been preserved, and tolling will generally not extend "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." *Holland v. Florida*, 560 U.S. 631, 644-45 (2010).

In addition, even if the Plaintiffs did have a valid claim for equitable tolling, the Court

notes the holding in *Liddle & Robinson v. Zakarin (In re Zakarin)*, 602 B.R. 275 (Bankr. D.N.J.

2019) (Altenburg, J.) states,

> [a]ll of this points to the conclusion that Rule 4007 does not permit equitable
> tolling. Just as with Appellate Rule 23(f), the Bankruptcy Rules "express a clear
> intent to compel rigorous enforcement" of Rule 4007(c)'s deadline "even where
> good cause for equitable tolling might otherwise exist." *Nutraceutical Corp. v.
> Lambert*, 139 S. Ct. 710, 203 L. Ed. 2d 43 (2019). This court agrees that
> "[d]eadlines may lead to unwelcome results, but they prompt parties to act and
> they produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S. Ct.
> 1644, 118 L. Ed. 2d 280 (1992).

For all of these reasons, the Court finds that even if equitable tolling applies, the

Plaintiffs have not met the necessary elements.

## **Unclean Hands**

The doctrine of unclean hands will deny equitable relief "when the party seeking relief is

guilty of fraud, unconscionable conduct, or bad faith directly related to the matter at issue that

injures the other party and affects the balance of equities." *Saudi Basic Indus. Corp. v.

ExxonMobil Corp.,* 401 F.Supp.2d 383, 386 (D.N.J. 2005) (citing *Paramount Aviation Corp. v.

Agusta,* 178 F.3d 132, 147 n. 12 (3d Cir.1999)). The maxim of unclean hands mandates that "he

who comes into equity must come with clean hands." *MedPointe Healthcare Inc. v. Hi-

Tech Pharmacal Co.,* 380 F.Supp.2d 457, 463 (D.N.J. 2005) (citing *Precision Inst. Mfg. Co. v.

Auto. Maint. Mach. Co.,* 324 U.S. 806, 814 (1945)). Specifically, "[the plaintiff] must be frank

and fair with the court, nothing about the case under consideration should be guarded, but

everything that tends to a full and fair determination of the matters in controversy should be

placed before the court." *Id.* (citing *Keystone Driller Co. v. Gen. Excavator Co.,* 290 U.S.

240, 244 (1933) (quoting Story's Equity Jurisprudence, 14th ed., § 98)).

Here, the Plaintiffs assert that the Debtor has come into Court with unclean hands due to his failure to provide certain documents in discovery. However, for the doctrine of unclean hands to apply, the alleged unconscionable conduct or bad faith must be directly related to the matter at issue that injuries the other party and affects the balance of the equities. The Court finds that the Debtor's lack of providing certain discovery does not rise to the level of fraud, unconscionable conduct or bad faith that would lead to the Plaintiffs to file their complaint one day late. While the Plaintiffs also allege that they did not know they had a § 727 claim, the Plaintiffs knew they had a claim for non-dischargeability under § 523(a)(6) based on successfully asserting non-dischargeability in connection with the Debtor's co-defendant, Kevin Maher's bankruptcy case in this Court in 2011. If the Plaintiffs needed to amend the complaint, they could have moved this Court for leave to amend to add any additional claims.  The Court finds that Plaintiffs have not met their burden of proving that the Debtor's alleged unclean hands affected the late filing.

For the forgoing reasons, the Court finds the Bankruptcy Rules express a clear intent to compel rigorous enforcement of Rule 4004(b)'s and Rule 4007(c)'s deadline and the Plaintiffs have not met their burden of proving to this Court that their affirmative defenses should overcome an untimely filing. Moreover, the Court is not persuaded by the Plaintiffs' argument that they were prejudiced by the timing of the motion to dismiss or that they were somehow unaware that the Defendant would be raising the time bar because the Plaintiffs were aware of the affirmative defense in the Defendant's answer filed on May 8, 2018.

Therefore, the Court finds that it must dismiss the complaint with prejudice. As the complaint has been dismissed, Plaintiffs' cross-motion for partial summary judgment is dismissed as moot.

**Plaintiffs' Motion for Sanctions**

Federal Rule of Civil Procedure 37, made applicable to these proceeding by Federal Rule of Bankruptcy Procedure 7037, provides that if a deponent fails to comply with the provisions set forth in Rules 30 and 31 then "a party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery." *See* Fed. R. Civ. P. 37(a)(2)(B). Rule 37 further provides that if a motion seeking to compel discovery is granted,

> "or if the disclosure or requested discovery is provided after the motion is filed, the court shall, after affording an opportunity to be heard, require the party or the deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees unless the court finds that the motion was filed without the movants first making a good faith effort to obtain the disclosure or the discovery without court action..."
> See Fed. R. Civ. P. 37(a)(4).

Rule 37(b)(2) further provides:

> (A) If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

As explained by the United States Supreme Court, the decision to impose sanctions and the choice of an appropriate sanction are matters within the discretion of the trial court. *See Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49

L.Ed.2d 747 (1976).  *See also Newman v. GHS Osteopathic Inc.*, 60 F.3d 153, 156 (3d Cir. 1995).  In exercising their discretion under Rule 37, trial courts are not limited to imposing financial sanctions but may, under appropriate circumstances, such as failure to comply with a discovery order, strike a party's claim or pleading under Rule 37(b).  *See In re Victor International*, 278 B.R. 67, 76 (D.N.J. 2002).

The Court notes that "Rule 37 sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction [and] to deter those who might be tempted to such conduct in the absence of such a deterrent."  *See Roadway Express v. Piper*, 447 U.S. 752, 763-764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (citing *Nat'l Hockey League*, 427 U.S. at 643).

The Court of Appeals for the Third Circuit has recognized six factors that a court may consider when determining whether to impose sanctions under Rule 37.  Specifically, the Third Circuit looked to:

> (1) the extent of the party's personal responsibility; (2) prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

See *Poulis v. State Farm Fire and Causality Co.* 747 F.2d 863, 868 (3d Cir. 1984).

However, as the Adversary Proceeding must be dismissed, the Plaintiffs claim for Rule 37 Sanctions will also be denied.

Here, the Defendant failed to strictly comply with a discovery order of the Court, however, Bankruptcy Rules 4004 and 4007 have strict deadlines to file complaints for non-dischargeability, and the Debtor did not engage in any act that caused the Adversary Complaint to be filed untimely by one day. Nor have the Plaintiffs' demonstrated that the Defendant had

constructive notice of the filing of the Adversary Complaint before the bar date. As previously set forth, the deadlines imposed by Bankruptcy Rules 4004 and 4007 are strictly enforced and are meant to promote finality. Accordingly, the Plaintiffs have failed to state a claim for relief that is plausible on its face. Therefore, the Court will dismiss the Complaint, and accordingly deny the motion for sanctions.

CONCLUSION

Accordingly, Defendant's Motion to Dismiss the Adversary Complaint will be GRANTED with prejudice. Plaintiffs' Cross-Motion for Partial Summary Judgment is DISMISSED as moot. Plaintiffs' Motion for Sanctions is DENIED.

An Order shall be submitted in accordance with this Court's decision.

Dated: August 17, 2020

*Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge